UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE REED, KRESHA RHAN,
EZRA BOLDEN, CHOLON BOLDEN,
and PHAEDRA BOLDEN,

    Plaintiffs,           CIVIL ACTION NO. 10-CV-13247

vs.

                                     DISTRICT JUDGE VICTORIA A. ROBERTS

INDIANA INSURANCE COMPANY,   MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**I.**    **RECOMMENDATION**: The Court recommends that the Motion to Remand filed by Plaintiffs (docket no. 4) be **DENIED**.

**II.**    **REPORT**:

This matter comes before the Court on Plaintiffs' Motion to Remand. (Docket no. 4). The motion is fully briefed. This matter has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A).[1] (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

**A.**    **Facts**

Plaintiff filed a complaint in Wayne County Circuit Court against United Memorial Gardens, Midwest Memorial Group, LLC and Mikocem LLC ("Mikocem"), alleging that the Defendants

---

[1] The order of reference referred this matter for decision pursuant to 28 U.S.C. § 636(b)(1)(A). Remand motions are dispositive motions, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *Vogel v. United States Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

misplaced the remains of their deceased mother, Katherine Bolden. Mikocem formerly operated the cemetery where the remains of the Plaintiffs' mother were allegedly misplaced. Mikocem is now in conservatorship. Upon receipt of the complaint in this matter, the conservator for Mikocem submitted the complaint to its insurer requesting coverage and defense of the suit. The insurance company denied coverage.

Because Mikocem is without any assets, its conservator is not in a position to pursue a lawsuit to contest the insurance coverage denial. Consequently, Plaintiffs filed a separate declaratory action against Defendant Indiana Insurance Company for the purpose of determining whether Indiana Insurance Company owes coverage and a defense to Mikocem for Plaintiffs' claims. On May 25, 2010 the Wayne County Circuit Court entered an order staying the proceedings against United Memorial Gardens, Midwest Memorial Group, LLC and Mikocem pending the outcome of Plaintiffs' declaratory action. (Docket no. 13). On August 16, 2010 Defendant Indiana Insurance Company filed its Notice of Removal of the instant declaratory action based on diversity jurisdiction. (Docket no. 1). Plaintiffs' underlying Complaint against United Memorial Gardens, Midwest Memorial Group, LLC and Mikocem remains in state court. On September 17, 2010 Plaintiffs filed the instant Motion to Remand, seeking an Order remanding the declaratory action to Wayne County Circuit Court. Defendant Indiana Insurance Company has filed a response opposing the Plaintiffs' Motion to Remand.[2]

---

[2]The parties raise various issues concerning whether Defendant Indiana Insurance Company is a proper Defendant in this action, and whether Plaintiff has standing to bring a declaratory action against Defendant Indiana Insurance Company on behalf of Mikocem. (Docket nos. 10 at 2, 12 at 6). The Court finds that these issues are better addressed in a motion to dismiss and/or for summary judgment if necessary. Therefore, the Court has not addressed these issues in resolving the Plaintiffs' Motion to Remand.

**B.     Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a).

28 U.S.C. § 1332 provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Removal statutes are strictly construed with all doubts resolved in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

**C.     Analysis**

Defendant's Notice of Removal provides that Plaintiffs are citizens of the states of Illinois (Plaintiff Reed), Michigan (Plaintiffs Kresha Rhan, Cholon Bolen, Phaedra Bolen), and Ohio (Ezra Bolen). Defendant Indiana Insurance Company is incorporated and has its principal place of

business in Indiana.

1.	Third-party Defendant

Plaintiffs argue that Defendant Indiana Insurance Company is a third-party Defendant to the original Complaint pending in state court, and as such cannot remove this action to federal court. Third-party defendants are not defendants under 28 U.S.C. § 1441(a) and therefore do not have a statutory right to remove an action to federal court. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002).

Fed. R. Civ. P. 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). "The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a)(3).

Plaintiffs do not contend that Mikocem filed a third-party complaint against Defendant Indiana Insurance Company in the underlying state court action. Indeed, they argue that Mikocem is without assets to pursue a lawsuit. Defendant Indiana Insurance Company is not a third-party Defendant to the original state court action, and therefore is not precluded from seeking removal of the declaratory action on that basis.

2.	Direct action under 28 U.S.C. § 1332(c)

Next, Plaintiffs argue that their declaratory action is a "direct action" for purposes of 28 U.S.C. § 1332(c). Under section 1332(c), if a direct action is brought against the insurer and the insured has not been named as a defendant, the citizenship of the insured is conferred upon the insurer. Thus, if the Plaintiffs' declaratory action is construed as a direct action against Defendant

4

Indiana Insurance Company, because the insured (Mikocem) has not been joined as a Defendant, the citizenship of Mikocem will be imputed to Defendant Indiana Insurance Company. Since Mikocem is a Michigan citizen, imputing its citizenship to Defendant Indiana Insurance Company will destroy diversity jurisdiction in the declaratory action.

The Sixth Circuit has held that the "direct action" language of section 28 U.S.C. § 1332(c)(1) "refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of liability." *Estate of Monahan v. Am. States Ins. Co.*, 75 Fed.Appx. 340, 343 (6th Cir. 2003). *See also Peterson v. TIG Specialty Ins. Co.*, 211 F. Supp. 2d 1013, 1015 (S.D. Ohio 2002) (the term "direct action" is one in which the injured party is entitled to bring suit against the tortfeasor's liability insurer without joining the insured or first obtaining a judgment against him). The Sixth Circuit has also clearly rejected applying the "direct action" provision of section 1332(c)(1) to a "dispute solely between an insured and [their] own insurance company." *Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d 898, 899-900 (6th Cir. 2003).

Plaintiffs' Complaint for Declaratory Relief asks the Court to determine whether there is coverage under the applicable policy for the claims or potential claims of Mikocem as a result of the alleged injuries caused by Mikocem's conduct. (Docket no. 1, Ex. 1). The Complaint only seeks a declaratory ruling and does not state claims against Defendant Indiana Insurance Company or specify an amount in damages. In contrast, Plaintiffs state that their underlying Complaint pending in state court seeks recovery for damages against United Memorial Gardens, Midwest Memorial Group, LLC and Mikocem for breach of contract, negligence, intentional infliction of emotional distress, violation of the Michigan Consumer Protection Act, and fraud, and seeks damages in excess of $75,000. (Docket no. 12 at 4). Clearly, Plaintiffs' Complaint for Declaratory Relief is not a

direct action under 28 U.S.C. § 1332(c))(1).

Furthermore, Plaintiffs contend that they stepped into Mikocem's shoes for purposes of this declaratory action. (Docket no. 12 at 5). Thus, Plaintiffs' declaratory action is similar in spirit to an action by Mikocem against Defendant Indiana Insurance Company, and is therefore akin to an action by an insured against its insurer. As previously noted, the Sixth Circuit has rejected the idea that a dispute between an insured and their own insurance company is a direct action under section 1332(c)(1). *Lee-Lipstreu v. Chubb Group of Ins. Co.*, 329 F.3d at 899-900.

The Court should find that Plaintiffs' declaratory action against Defendant Indiana Insurance Company is not a direct action within the meaning of section 1332(c)(1) which would impute the citizenship of Mikocem to Defendant Indiana Insurance Company.

3.  Joinder of Mikocem

Plaintiffs next argue that if this action proceeds in federal court, they will file a motion to join Mikocem as a necessary party pursuant to Fed.R.Civ.P. 19, which will then destroy diversity jurisdiction. (Docket no. 4 at 5). 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The court must "carefully scrutinize the basis for joinder where joinder will defeat diversity jurisdiction and mandate the court to remand the action to state court pursuant to 28 U.S.C. § 1447(e)." *Farm Bureau Life Ins. Co. v. Nat'l City Corp.*, No. 5:06-cv-81, 2006 WL 2728359, at *2 (W.D. Mich. Sept. 22, 2006) (quoting *Rodriquez v. Abbott Labs.*, 151 F.R.D. 529, 533 (S.D. N.Y. 1993)). One of the factors the Court must consider if such a motion is made, is the extent to which the purpose of the amendment is to defeat federal jurisdiction. *Id.* at *3.

6

Plaintiffs have not filed a motion to join Mikocem. Therefore, this issue is not ripe for consideration. In the event the Plaintiffs do file such a motion in the future, it must be carefully scrutinized by the Court.

4.  Rule 11 Sanctions

Defendant Indiana Insurance Company argues that Plaintiffs' motion is frivolous and asks for sanctions under Rule 11. The purpose of Rule 11 is to deter attorneys from making baseless filings in district court and thus streamline the judicial process. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Sixth Circuit, Rule 11 permits the Court to impose sanctions against an attorney or party who has filed and signed a pleading, motion or other paper if it was filed for any improper purpose and it had no basis in law or fact. *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996). "The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Id.* (citation omitted). The party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c), which provides that a motion for sanctions must be made separately from any other motion and must be served on the offending party for a period of at least 21 days before it is filed with the court. Fed. R. Civ. P. 11(c)(2).

Defendant Indiana Insurance Company failed to file a separate motion seeking Rule 11 sanctions, and failed to show that it served a Rule 11 motion on Plaintiffs at least 21 days before making its request to the Court. Therefore, because Defendant failed to comply with the procedural requirements of Rule 11, its request for sanctions should be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 23, 2010       s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 23, 2010       s/ Lisa C. Bartlett
                               Case Manager